IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| JEWISH FEDERATION OF LINCOLN, Inc., A Nebraska Non-Profit Corporation;<br><br>Plaintiff,<br><br>vs.<br><br>JENNIFER ROSENBLATT, and KURT KNECHT,<br><br>Defendants. | 4:18CV3048<br><br>ORDER |

Defendant Rosenblatt has filed a brief in opposition to Plaintiff's motion for leave to file an amended complaint. ([Filing No. 24](#)). Rosenblatt argues that she was not served with Plaintiff's motion to amend until October 29, 2018, and therefore her brief opposing the motion was timely filed. Even assuming that is true, for the reasons discussed below, the court finds Plaintiff's motion to amend was properly granted and the Amended Complaint is now the operative pleading.

ANALYSIS

Rosenblatt argues the motion to amend should have been denied as untimely filed, and because the Amended Complaint will be prejudicial to her defense of the claims, is futile, and is being pursued in bad faith.

The court has not entered a case progression order for this lawsuit As such, motions for leave to amend pleadings, and the timing for filing such motions, are governed by Rule 15 of the Federal Rules of Civil Procedure.

Pursuant to Federal Rule of Civil Procedure 15(a)(2), the court grants leave to amend "freely . . . when justice so requires."

> [A] district court can refuse to grant leave to amend a pleading only where it will result in undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of the amendment.

Dennis v. Dillard Dept. Stores, Inc., 207 F.3d 523, 525 (8th Cir. 2000)(internal citations omitted).

Rule 15(a) does not require a party to amend its pleading at a particular stage in the action. See, 6 Wright, Miller & Kane, Federal Practice and Procedure § 1488 (2d ed.1990). And "[d]elay alone is not enough to deny a motion to amend; prejudice to the nonmovant must also be shown." Doe v. Cassel, 403 F.3d 986, 991 (8th Cir.2005.) "Mere delay is not a reason in and of itself to deny leave to amend. There must be found some prejudice which would result to others if leave were to be granted." Mercantile Trust Co. Nat'l Ass'n v. Inland Marine Products Corp., 542 F.2d 1010, 1012 (8th Cir. 1976) (citations omitted).

When deciding whether allowing an amendment will prejudice the opposing party, the court must consider whether asserting new claims will require expending significant additional resources on discovery and trial preparation, or significantly delay resolving the dispute. See, Long v. Wilson, 393 F.3d 390, 400 (3rd Cir. 2004). Here, after Plaintiff's complaint was filed on April 2, 2018,[1]

---

[1] On March 20, 2018, a criminal indictment was filed against Defendant Rosenblatt regarding the same allegations underlying the civil complaint. See

Rosenblatt moved for additional time to respond on April 30, 2018, ([Filing No. 7](#)), and was ordered to file her response on June 1, 2018. ([Filing No. 8](#)). Rather than filing an answer, on June 4, 2018, Rosenblatt moved to stay the lawsuit, ([Filing No. 9](#)). That motion was denied on June 27, 2018, and Rosenblatt was ordered to file her answer on July 5, 2018. ([Filing No. 12](#)). When she failed to do so, Plaintiff promptly moved for entry of default. ([Filing No. 13](#)). Rosenblatt responded by untimely requesting additional time to file an answer, ([Filing No. 14](#)), and then moving to strike the motion for default judgment on July 18, 2018. ([Filing No. 15](#)). Until today, those motions were under advisement. As such, the parties were not ordered to complete a Rule 26(f) Report, no case progression order was entered, and discovery has not been pursued by either party.

Under the facts presented, the court is not convinced that adding a new defendant to this case will cause any delay in resolving the parties' dispute. And to the extent delay is a factor, the need for a full decision on the merits outweighs the risk of any resulting prejudice to Rosenblatt.

Rosenblatt further argues that the claims against the newly added defendant are futile; that "Plaintiff has failed to show any evidence, establish good cause, or cause of action as to the amendment of the complaint. Plaintiff's motion is unsupported by any sworn statement and should be dismissed as frivolous and futile." ([Filing No. 24, at CM/ECF p. 3](#)). Plaintiff was not required to submit evidence in support of its motion to amend. Instead, under the circumstances presented, the court considers whether the allegations of the proposed amended complaint state a claim for relief against the additional defendant.

---

[4:18-cr-03023, USA v. Rosenblatt.](#) Rosenblatt entered a plea of guilty in the criminal case on November 6, 2018.

Here, the amended complaint alleges the proposed additional defendant was aware, or in the exercise of reasonable care should have been aware, of Rosenblatt's embezzlement of Plaintiff's funds, and along with Rosenblatt, he conspired to and did embezzle and fraudulently convert funds to his own personal use. ([Filing No. 23](), ¶¶ 2(b) and 11). These allegations are sufficient to state a potential claim for recovery against the additional defendant.

Accordingly,

IT IS ORDERED:

1) Plaintiff's Amended Complaint ([Filing No. 23]()), was properly filed and is the operative complaint in this case.

2) Plaintiff's Motion for Default Judgment against Rosenblatt, ([Filing No. 13]()), is denied.

3) Defendant Rosenblatt's motion for additional time to respond to the initial complaint, ([Filing No. 14]()), and her motion to strike the motion for default judgment, ([Filing No. 15]()), are denied as moot.

4) As to both Defendants Rosenblatt and Kurt Knecht, an answer or response to the Amended Complaint ([Filing No. 23]()), a copy of which is attached hereto, shall be filed on or before December 5, 2018.

November 26, 2018.

BY THE COURT:

*s/ Cheryl R. Zwart*
United States Magistrate Judge

UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| JEWISH FEDERATION OF LINCOLN INC, | ) ) ) | Case No. 4:18-cv-3048 |
| Plaintiff, | ) ) ) | AMENDED COMPLAINT |
| vs. | ) ) ) | |
| JENNIFER ROSENBLATT, and KURT KNECHT | ) ) ) ) | |
| Defendants. | ) ) ) | |

Preliminary statement and allegations that apply to all counts:

1.     The plaintiff, Jewish Federation of Lincoln, Inc., (JFL) is a non-profit corporation incorporated in the State of Nebraska and doing business in Lincoln Nebraska.  Its processor organization was established in the late 19th century to collect charitable funds to assist educational and other philanthropic causes and to assist emigrants from Eastern Europe and other locations.  It collects money from donors to distribute for philanthropic causes, such as a religious school and summer camp scholarships.

2.     Defendants

a.     The defendant, Jennifer Rosenblatt, (Jennifer) is a resident of the State of Kansas.  Jennifer became active in Jewish community activities and in January of 2009 volunteered to act as treasurer and was appointed to be treasure of the plaintiff, with the responsibility of receiving and disbursing all funds collected by JFL.  Defendant Jennifer had a fiduciary obligation to act in accordance with her responsibilities as treasurer.

b.     Defendant Kurt Knecht (Kurt), is husband of Defendant Jennifer. Defendants moved to Lincoln sometime prior to 2010.  Kurt was aware of the conduct of Jennifer hereafter set forth, or in the exercise of reasonable care should have been aware, and benefitted from her conduct.

3.     Commencing in March 2010, defendant Jennifer began to intentionally and fraudulently convert and embezzle funds of the plaintiff for her own personal use

and fraudulently concealed her activities. On a continuous and ongoing basis, from approximately March, 2010 to October 7, 2016, defendant converted and embezzled funds from the plaintiff in excess of $100,000.00. Said conduct was not discovered until 2018, after defendant ceased being treasurer and had left the state.

4.     The conduct alleged in this action occurred in the State of Nebraska.

5.     This court has jurisdiction on the basis of diversity of citizenship; the plaintiff is resident of the State of Nebraska and the defendants are residents   of the State of Kansas and the amount of controversy is in excess of $75,000.00, exclusive of costs.

### COUNT I

6.     The defendant Jennifer breeched her fiduciary duty to the plaintiff and converted and embezzled money from the plaintiff's funds over which she had control, and used said funds for her own purposes.

7.     Plaintiff was damaged in excess of $100,000.00

### COUNT II

8.     The defendant Jennifer fraudulently transferred and converted money belonging to the plaintiff, and both defendants benefited from this conversion.

9.     Plaintiff was damaged in excess of $100,000.00.

### COUNT III

10.    The defendant Jennifer embezzled funds from the plaintiff and plaintiff is entitled to a full accounting of the amount of funds converted by defendant from plaintiff and other equitable relief.

### COUNT IV

11. Defendants, and each of them, conspired to and did embezzle and fraudulently convert funds from the plaintiff to their own personal use.

WHEREFORE, Plaintiff prays for judgment for an accounting of all funds converted by defendants, and each of them, and judgment against defendants and each of them in the amount of damages the Court determines was taken by defendants from the plaintiff and further relief as the Court deems just equitable, and interests and costs.

JEWISH FEDERATION OF LINCOLN INC, Plaintiff

BY: FRIEDMAN LAW OFFICES, P.C., L.L.O.
Attorneys for Plaintiff
3800 Normal Blvd., Suite 200
PO Box 82009
Lincoln, NE 68501
(402) 476-1093
hfriedman@friedmanlaw.com

*/s/Herbert J. Friedman*
Herbert J. Friedman #11390

## CERTIFICATE OF SERVICE

The undersigned attorney of record hereby certifies that he served a true and correct copy of the foregoing Amended Complaint and Praecipe to:

Jennifer Rosenblatt
10217 W 81st Terrace #150
Overland Park, KS 66204

by United States Mail, sufficient postage prepaid, on November 9, 2018; and,

Kurt Knecht
10217 W 81st Terrace #150
Overland Park, KS 66204

by United States Mail, certified, return receipt requested, sufficient postage prepaid, on November 9, 2018

*/s/Herbert J. Friedman*
Attorney for Plaintiffs