IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| JEWISH FEDERATION OF LINCOLN, INC., a Nebraska Non-Profit Corporation,<br><br>Plaintiff,<br><br>vs.<br><br>KURT KNECHT AND JENNIFER ROSENBLATT,<br><br>Defendants. | 4:18-CV-3048<br><br>MEMORANDUM AND ORDER |

This matter is before the Court on several motions relating to defendant Jennifer Rosenblatt's default: Rosenblatt would like her default vacated and leave to file an answer, while the plaintiff Jewish Federation of Lincoln is pressing for a judgment. But the Court finds cause to excuse Rosenblatt's default, so the Court will grant her motions and deny the Jewish Federation's.

PROCEDURAL BACKGROUND

The Jewish Federation's initial complaint against Rosenblatt was filed on April 2, 2018. Filing 1. It's not clear when process was served, but Rosenblatt, appearing *pro se*, filed a motion for extension of time to answer on April 30. Filing 7. That motion was granted, and Rosenblatt's answer was due on Friday, June 1. Filing 8. Rosenblatt missed that deadline, but on Monday, June 4, the Court received Rosenblatt's motion to stay this civil case during the pendency of a wire fraud prosecution brought against her based on the same underlying conduct (Case No. 4:18-cr-3023). Filing 9. The Jewish Federation opposed the motion and moved to strike it, filing 10, but the Court

simply denied it, filing 12. The Court extended Rosenblatt's answer deadline to July 5. Filing 12.

Rosenblatt missed that deadline, and on July 6, the Jewish Federation moved for default judgment. Filing 13. On July 9, Rosenblatt—still appearing *pro se* from her home in Kansas—asked for another 30 days to answer. Filing 14. And she opposed default judgment. Filing 15. But those motions were mooted by the Jewish Federation's filing of an amended complaint (filing 19) and then a second amended complaint (filing 23). *See* filing 17; filing 18; filing 26. Rosenblatt filed a belated brief (filing 24) in opposition to the Jewish Federation's motion for leave to amend its complaint, claiming not to have been given appropriate notice of the motion for leave to amend. But the Court ruled that the second amended complaint was properly filed and was (and remains) the Jewish Federation's operative pleading. Filing 26. Rosenblatt's new answer deadline was December 5. Filing 26 at 4.

Rosenblatt missed that deadline, and on December 10, the Jewish Federation filed another motion for default judgment. Filing 32. But the Court found that motion was premature because the Clerk of the Court had not been asked to enter Rosenblatt's default—so, the Court directed the Clerk to enter Rosenblatt's default and denied the Jewish Federation's motion without prejudice. Filing 35. The Clerk's Entry of Default was entered on December 11. Filing 36. On December 14, the Jewish Federation filed its pending motion for default judgment. Filing 37.

On December 28, Rosenblatt—still representing herself by mail from Kansas—filed a motion to set aside the default and opposition to default judgment. Filing 43. She argued that she had a viable defense to the Jewish Federation's claim, relating to the "amount in controversy," but contended that question was "subsumed" in the criminal case (where the question of

restitution is still unresolved). Filing 43. The Jewish Federation opposed setting aside the default (filing 47) but, not content with simply opposing the motion, also filed a motion for sanctions and attorney's fees (filing 45), claiming that the motion to set aside default was interposed only for delay. *See* filing 46 at 2-3 (citing Fed. R. Civ. P. 11(b)).

On January 4, 2019, counsel appeared for Rosenblatt, see filing 49, and through counsel, she filed a brief (filing 50) in support of her motion to set aside default and in opposition to default judgment. The Court set a briefing schedule on the pending motions. Filing 51. On January 17, Rosenblatt filed a motion for leave to answer out of time, along with a proposed answer. Filing 53. All the pending motions have now been fully briefed and submitted.

## DISCUSSION

As described above, there are a number of pending motions—but the issue underlying all of them is Rosenblatt's default. So, the Court starts there.

Fed. R. Civ. P. 55(c) provides that the Court "may set aside an entry of default for good cause. . . ." When examining whether good cause exists, the Court weighs whether the conduct of the defaulting party was blameworthy or culpable, whether the defaulting party has a meritorious defense, and whether the other party would be prejudiced if the default were excused. *Stephenson v. El-Batrawi*, 524 F.3d 907, 912 (8th Cir. 2008). And although the same factors are typically relevant in deciding whether to set aside entries of default and default judgments, relief from a default judgment requires a stronger showing of excuse than relief from a mere default order. *Johnson v. Dayton Elec. Mfg. Co.*, 140 F.3d 781, 783 (8th Cir. 1998).

The Court finds good cause for setting aside the entry of default here. The Eighth Circuit draws a distinction between contumacious or intentional delay or disregard for deadlines and procedural rules, and a "marginal failure"

to meet pleading or other deadlines. *Id.* at 784. And the Court is not unmindful of the fact that Rosenblatt, while she repeatedly missed deadlines, was representing herself from a distance, and at the same time facing a federal criminal prosecution—circumstances that might test even experienced counsel. *See AGCO Fin., LLC v. Littrell*, 320 F.R.D. 45, 50 (D. Minn. 2017).

Furthermore, contrary to the Jewish Federation's argument, Rosenblatt may have a meritorious defense: her proposed answer sets forth her concession that she should repay some, but not all, of the money demanded by the Jewish Federation. Whether a meritorious defense exists is determined by examining whether the proffered evidence would permit a finding for the defaulting party. *Stephenson*, 524 F.3d at 914. "The underlying concern is whether there is some possibility that the outcome after a full trial will be contrary to the result reached by the default." *Id.* That concern is present here because there is an actual dispute as to the amount of Rosenblatt's liability.

And finally, the Jewish Federation has made absolutely no showing of how it would be prejudiced if the default were excused, given that "prejudice may not be found from delay alone or from the fact that the defaulting party will be permitted to defend on the merits." *Johnson*, 140 F.3d at 785. Instead, setting aside a default must prejudice plaintiff in a more concrete way, such as loss of evidence, increased difficulties in discovery, or greater opportunities for fraud and collusion. *Id.* Delay is all the Jewish Federation has argued, *see* filing 47; filing 54; and that is not enough, *see id.*

In sum, default judgments are not favored by the law, and the entry of default judgment should be a rare judicial act. *See Comiskey v. JFTJ Corp.*, 989 F.2d 1007, 1009 (8th Cir. 1993); *U.S. on Behalf of & for Use of Time Equip. Rental & Sales, Inc. v. Harre*, 983 F.2d 128, 130 (8th Cir. 1993). The

circumstances here do not warrant default judgment, so Rosenblatt's default will be set aside. Her motion to set aside default (filing 43) will be granted.

Obviously, having reached that conclusion, the Jewish Federation's motion for default judgment (filing 37) will be denied. The Court will also deny the Jewish Federation's motion for sanctions and attorney's fees. Rule 11 sanctions may be warranted when a pleading or motion is presented for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation. *See Clark v. United Parcel Serv., Inc.*, 460 F.3d 1004, 1008 (8th Cir. 2006). But the Court, having found merit to Rosenblatt's motion, also finds that its purpose was proper. And the Court also notes that the Jewish Federation itself failed to follow Rule 11: it did not comply with the 21-day "safe harbor" provision of the rule. *See* Rule 11(c)(2); *Gordon v. Unifund CCR Partners*, 345 F.3d 1028, 1029-30 (8th Cir. 2003). Nor could it have, given that it filed its motion for sanctions literally the first business day after Rosenblatt's motion to set aside default was filed. *See Gordon*, 345 F.3d at 1030.

That leaves Rosenblatt's motion for leave to file an answer out of time (filing 53). Fed. R. Civ. P. 6(b)(1)(B) permits the Court to extend the time for a party to submit a filing if the party failed to act because of "excusable neglect." *Chorosevic v. MetLife Choices*, 600 F.3d 934, 946 (8th Cir. 2010). Excusable neglect is an "elastic concept" that empowers courts to accept, where appropriate, late filings caused by inadvertence, mistake, or carelessness, as well as by intervening circumstances beyond the party's control. *Id*. The determination of whether neglect is excusable is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission. *Id*. Factors that are particularly important include the possibility of prejudice to the opposing party; the length of the delay and the possible impact of that

delay on judicial proceedings; the reasons for delay; including whether the delay was within the moving party's reasonable control; and whether the moving party acted in good faith. *Id.*

The Court notes that Rosenblatt's motion is effectively unopposed—while the Jewish Federation filed a response to Rosenblatt's motion to set aside default after her motion for leave was filed, the Jewish Federation's brief did not oppose the motion for leave. *See* filing 54. In any event, the same considerations that weigh in favor of setting aside Rosenblatt's default—the reasons for the omission and the lack of prejudice to the Jewish Federation—also counsel in favor of granting leave to file an answer out of time. *See Chorosevic*, 600 F.3d at 946-47. "The judicial preference for adjudication on the merits goes to the fundamental fairness of the adjudicatory process." *Oberstar v. F.D.I.C.*, 987 F.2d 494, 504 (8th Cir. 1993). And this dispute will be resolved on its merits.

IT IS ORDERED:

1. Rosenblatt's motion to set aside default (filing 43) is granted.

2. The Clerk's Entry of Default (filing 36) is set aside.

3. The Jewish Federation's motion for default judgment (filing 37) is denied.

4. The Jewish Federation's motion for attorney fees (filing 45) is denied.

5.  Rosenblatt's motion for leave to file an answer out of time (filing 53) is granted.

6.  Rosenblatt's answer shall be filed on or before February 15, 2019.

Dated this 7th day of February, 2019.

BY THE COURT:

John M. Gerrard
Chief United States District Judge