IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| JEWISH FEDERATION OF LINCOLN, INC., a Nebraska Non-Profit Corporation, | 4:18-CV-3048 |
| Plaintiff, | MEMORANDUM AND ORDER |
| vs. | |
| KURT KNECHT AND JENNIFER ROSENBLATT, | |
| Defendants. | |

This matter is before the Court on defendant Kurt Knecht's motion to dismiss (filing 27). That motion will be denied.

STANDARD OF REVIEW

A complaint must set forth a short and plain statement of the claim showing that the pleader is entitled to relief. Fed. R. Civ. P. 8(a)(2). This standard does not require detailed factual allegations, but it demands more than an unadorned accusation. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The complaint need not contain detailed factual allegations, but must provide more than labels and conclusions; and a formulaic recitation of the elements of a cause of action will not suffice. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). For the purposes of a motion to dismiss a court must take all of the factual allegations in the complaint as true, but is not bound to accept as true a legal conclusion couched as a factual allegation. *Id.*

And to survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), a complaint must also contain sufficient factual matter, accepted as true, to state

a claim for relief that is plausible on its face. *Iqbal,* 556 U.S. at 678. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.* Where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but has not shown—that the pleader is entitled to relief. *Id.* at 679.

Determining whether a complaint states a plausible claim for relief will require the reviewing court to draw on its judicial experience and common sense. *Id.* The facts alleged must raise a reasonable expectation that discovery will reveal evidence to substantiate the necessary elements of the plaintiff's claim. *See Twombly,* 550 U.S. at 545. The court must assume the truth of the plaintiff's factual allegations, and a well-pleaded complaint may proceed, even if it strikes a savvy judge that actual proof of those facts is improbable, and that recovery is very remote and unlikely. *Id.* at 556.

## FACTUAL ALLEGATIONS

The allegations of the operative complaint are fairly straightforward. The plaintiff, the Jewish Federation of Lincoln, engaged defendant Jennifer Rosenblatt as its treasurer starting in 2009. Filing 23 at 1. According to the Jewish Federation, Rosenblatt began embezzling funds starting in 2010. Filing 23 at 1. All told, the Jewish Federation claims that Rosenblatt took more than $100,000 between March 2010 and October 2016. Filing 23 at 2.

Knecht is Rosenblatt's husband. Filing 23 at 1. The Jewish Federation alleges that Knecht "was aware" of Rosenblatt's embezzling, "or in the exercise of reasonable care should have been aware, and benefitted from her conduct." Filing 23 at 1. The Jewish Federation asserts that Rosenblatt converted funds, "and both defendants benefitted from this conversion." Filing 23 at 2. And the Jewish Federation alleges that both defendants "conspired to and did embezzle

and fraudulently convert funds from the [Jewish Federation] to their own personal use." Filing 23 at 2.

## DISCUSSION

Knecht moves to dismiss the Jewish Federation's complaint as to him for failure to state a claim. Specifically, he argues that the Jewish Federation doesn't allege facts establishing that he exercised dominion over its funds, or any concerted action to steal from it. *See* filing 28 at 5.

But the Court is not convinced. To begin with, there are circumstances under which a conversion action may be maintained against a defendant who received stolen funds. *See Bryant Heating & Air Conditioning Co. v. U.S. Nat'l Bank*, 342 N.W.2d 191, 195 (Neb. 1983); *Talich v. Marvel*, 212 N.W. 540, 542 (Neb. 1927); *see also* Restatement (Second) of Torts §§ 223 cmt. b, 224 cmt. c, 229 cmt. e, & 224 (1965). And second, while the Jewish Federation's civil conspiracy allegations are threadbare, the Court will not dismiss that claim at the pleading stage. There is enough to infer that Knecht may have agreed with Rosenblatt to embezzle funds, or at least aided and abetted her conduct. *See Salem Grain Co. v. Consol. Grain & Barge Co.*, 900 N.W.2d 909, 923-24 (Neb. 2017).[1] Accordingly,

---

[1] It is, moreover, well-pleaded facts, not legal theories or conclusions, that determine the adequacy of the complaint. *Mickelson v. Cty. of Ramsey*, 823 F.3d 918, 923 (8th Cir. 2016); *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014). It is, in fact, unnecessary to set out a legal theory for the plaintiff's claim for relief in a pleading. *In re SuperValu, Inc.*, 870 F.3d 763, 772 (8th Cir. 2017). And on the *facts* alleged in the complaint, thin as they are, the Court cannot rule out another theory of recovery, such as money had and received or unjust enrichment. *See Hanigan v. Trumble*, 562 N.W.2d 526, 531 (Neb. 1997); *see also Hydroflo Corp. v. First Nat. Bank of Omaha*, 349 N.W.2d 615, 621-22 (Neb. 1984); *Washington v. Beselin*, 4 N.W.2d 753, 756 (Neb. 1942).

IT IS ORDERED that Knecht's motion to dismiss (filing 27) is denied.

Dated this 7th day of February, 2019.

BY THE COURT:

John M. Gerrard
Chief United States District Judge